IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAWN GRAY, | § |
| | § |
|     **Plaintiff**, | § |
| | § |
| | § |
| VS. | §   CIVIL ACTION NO. 4:14-CV-00188 |
| | § |
| CONN APPLIANCES, INC., | § |
| | § |
|     **Defendant**. | § |

___

**ORIGINAL ANSWER OF CONN APPLIANCES, INC. SUBJECT TO
MOTION TO DISMISS AND COMPEL ARBITRATION**
___

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

 COMES NOW Defendant Conn Appliances, Inc. (referred to herein as "Conn's" or "Defendant") and files this Original Answer to Plaintiff's Complaint (the "Complaint") Subject to its Motion to Dismiss and Compel Arbitration, and in support thereof respectfully shows the Court as follows:

**I.
Admissions and Denials to Plaintiff's Complaint**

**Jurisdiction**

 1. Defendant admits that Plaintiff asserts claims pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq.* Defendant denies that it violated the TCPA.

 2. Defendant denies that venue is proper in this District and/or that this is the proper forum for the resolution of this matter as this claim is governed by a mandatory arbitration

provision[1]. Additionally, Defendant denies that its actions violated the TCPA as implied in Paragraph 2 of the Complaint.

## PARTIES

3. Defendant admits that Plaintiff is an individual; however, Defendant is without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 3 of the Complaint, and therefore, denies the allegations.

4. Defendant admits the allegations in Paragraph 4 of the Complaint, although Defendant denies that 47 U.S.C. § 153(10) defines, describes, or identifies a "person".

## ALLEGED FACTS

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that it utilized telephonic dialing equipment and/or artificial and/or prerecorded messages in its efforts to contact Plaintiff, but denies that the equipment in question is governed by and/or regulated by the TCPA.

7. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the allegations.

8. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the allegations.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the allegations.

---

1 Defendant is filing a Motion to Dismiss and Compel Arbitration contemporaneously with the filing of its Original Answer.

11. Defendant admits that it did not contact the Plaintiff for "emergency purposes" as defined by the TCPA.

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

12. The statement contained in Paragraph 12 of Plaintiff's Complaint is not susceptible to an admission or denial.

13. Defendant admits that it utilized telephonic dialing equipment and/or artificial and/or prerecorded messages in its efforts to contact Plaintiff, but denies that the equipment in question is governed by and/or regulated by the TCPA. Defendant further admits that it contacted Plaintiff at a telephone number or numbers provided by Plaintiff to Defendant. Defendant denies the remainder of the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

### PLAINTIFF'S PRAYER FOR RELIEF

19. Defendant denies the allegations contained in the paragraph entitled Plaintiff's "Prayer for Relief," denies undertaking any unlawful conduct and denies Plaintiff is entitled to, or that Defendant is liable for, the relief Plaintiff seeks in the Complaint, including any statutory or treble damages.

**II.**

**S**PECIFIC **D**ENIALS AND **A**FFIRMATIVE **D**EFENSES

20. Subject to and without waiving the foregoing, Defendant contends that this claim is subject to mandatory arbitration under the Federal Arbitration Act pursuant to a valid and binding arbitration agreement between the parties.

21. Subject to and without waiving the foregoing, Defendant alleges that Plaintiff provided prior express consent to any alleged telephonic contact by Defendant.

22. Subject to and without waiving the foregoing, Defendant asserts the affirmative defense of equitable estoppel. Plaintiff and/or her agent knowingly provided the alleged telephone numbers and/or consent to telephonic contact with the intent that Defendant would act on the information.

23. Subject to and without waiving the foregoing, Defendant asserts the affirmative defense of quasi-estoppel. Plaintiff and/or her agent provided the alleged telephone numbers in question and/or consent to telephonic contact.

24. Subject to and without waiving the foregoing, Defendant denies that it utilized automatic telephone dialing equipment governed and/or regulated by the TCPA in its efforts to contact Plaintiff.

25. Subject to and without waiving the foregoing, Defendant denies that Plaintiff properly revoked consent to any alleged telephonic contact.

26. Subject to and without waiving the foregoing, Defendant alleges that it is entitled to an offset for the unpaid, overdue balance owed on Plaintiff's account.

### III.
### P**RAYER**

WHEREFORE, Defendant requests the Court award final judgment such that Plaintiff

takes nothing by her suit, that Defendant be dismissed with its costs expended in this matter, and Defendant is awarded all other relief, in law and in equity, to which it may be entitled.

**Dated:  April 17, 2014**                                    Respectfully submitted,

                          **ADAMS AND REESE LLP**

 By: */s/Collin Warren*
     "Lead Attorney"
     Pamela D. Williams
     State Bar No. 00784017
     pamela.williams@arlaw.com
     Collin G. Warren
     State Bar No. 24033439
     collin.warren@arlaw.com
     LyondellBasell Tower
     1221 McKinney, Suite 4400
     Houston, Texas 77010
     Main: (713) 652-5151
     Fax:  (713) 652-5152

     **LOCAL COUNSEL:**

     Angela R. Hoyt
     State Bar No. 00796783
     **COTTEN SCHMIDT & ABBOTT L.L.P.**
     550 Bailey Ave Ste 600
     Fort Worth, TX  76107
     817-338-4500
     ahoyt@csa-lawfirm.com

     **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 17th day of April, 2014, to the forgoing instrument was served on all counsel of record via the Court's ECF system as follows:

Jody Burton
1100 Summer St.
Stamford, CT 06905
Telephone: (203) 653-2250 Ext. 5501
jburton@lemberglaw.com

14785 Preston Rd., Suite 550
Dallas, Texas 75154

          */s/ Collin G. Warren*
          Collin G. Warren